IN THE MATTER OF THE PETITION OF JOSEPH ERNST FOR A WRIT OF *HABEAS CORPUS*.

Argued February 19, 1962—Decided February 26, 1962.

Mr. *Chester Apy* argued the cause for appellant Joseph Ernst.

Mr. *Norman Heine,* Camden County Prosecutor, argued the cause for respondent State of New Jersey.

PER CURIAM.   The defendant, convicted of first degree murder without recommendation and under sentence of death during the week commencing March 11, 1962, has appealed from a denial of post-conviction relief sought in the form of an application for a writ of *habeas corpus.* The point raised is a claim of federal unconstitutionality of *N. J. S.* 2A:113–4 providing that a person convicted of murder in the first degree "shall suffer death unless the jury by its verdict, and as a part thereof, upon and after

the consideration of all the evidence, recommend life imprisonment." It is contended the statute has been rendered invalid by this court's subsequent promulgation of *R. R.* 3:7–10(b), which makes the furnishing of a pre-sentence investigation report by the probation service of the court mandatory where sentence is to be imposed by a judge. Denial of equal protection of the laws is asserted on the basis that the jury is not furnished with such a report in connection with its determination of punishment in first degree murder cases.

Defendant's conviction was affirmed by this court, *State v. Ernst,* 32 *N. J.* 567 (1960). Present counsel then came into the case and filed a petition for rehearing, in which numerous claims not raised at the trial or on the appeal were advanced. The application was denied. The United States Supreme Court denied *certiorari,* 364 *U. S.* 943, 81 *S. Ct.* 464, 5 *L. Ed.* 2d 374 (1961). Federal *habeas corpus* was therafter sought, in which the present claim was first precisely made along with other assertions of constitutional infirmity. The District Court denied relief and its action was affirmed by the Court of Appeals in an opinion by Judge Hastie. *In re Ernst's Petition,* 294 *F.* 2d 556 (3 *Cir.* 3, 1961). A dissent in the latter tribunal did not relate to the merits. *Certiorari* to the Court of Appeals judgment was denied by the United States Supreme Court on November 13, 1961, 368 *U. S.* 917, 82 *S. Ct.* 198, 7 *L. Ed.* 2d 132. The present execution date was set by the trial judge on January 19, 1962.

Thereafter, on January 26, 1962, the present *habeas corpus* action was commenced. A pure question of law being involved, the taking of testimony was not necessary. The Assignment Judge denied the application five days later. 72 *N. J. Super.* 272. On the same day a notice of appeal to this court was filed. We authorized the State to move to dismiss the appeal in order that the matter might thereby be set down for early argument and disposition. We directed that the briefs and oral argument deal with the

ultimate merits and counsel so presented the case to us. We will determine it accordingly. See *State v. Johnson,* 37 *N. J.* 19, decided this day.

As has been intimated, the constitutional question posed is identical with that already passed upon by the federal courts adversely to the defendant. This is the reverse of the usual situation. Ordinarily such questions are first presented to the state courts before resort to federal tribunals. The Court of Appeals held that the difference between sentencing procedures of which defendant complains is not the kind of arbitrary and unreasonable differentiation which the equal protection clause forbids. Since we recognize that the federal courts are entrusted with "the last word, so to speak, on the matter of whether imprisonment of a criminal defendant under a state court judgment is unlawful by reason of violation of the Constitution and laws of the United States," *State v. Rosania,* 33 *N. J.* 267, 274 (1960), *cert.* den. 365 *U. S.* 864, 81 *S. Ct.* 828, 5 *L. Ed. 2d* 826 (1961), we might well decline to reconsider the question at all. However, we have examined it independently and reach the same conclusion. *R. R.* 3:7–10(b) is obviously not intended to apply where the only function of the judge with respect to sentence is to impose the mandatory death penalty fixed by the jury. The succinct language of Judge Hastie fully expresses our own view that no unconstitutional discrimination results:

"* * * the basic differentiation accrued when the legislature made first degree murder punishable by death or by life imprisonment, as a jury may determine, while in the cases of lesser offenses the trial judge was vested with discretion as to the sentence to be pronounced and whether to require confinement or to grant the convicted person probation. Even the petitioner does not say that this distinction in legislative treatment of the matter of punishment for different crimes is in itself a denial of the equal protection of law. But once this is conceded it ceases to be significant that in administering their sentencing power the courts of New Jersey have seen fit to make a pre-sentence investigation and report a mandatory procedure. Administrative differences are reasonably to be expected in procedures as dissimilar as jury sentencing for

first degree murder and sentencing by a judge for lesser crimes."
(294 *F.* 2*d,* at *p.* 561)

The judgment is affirmed and defendant's application for a stay of execution, made at oral argument in the event he was refused relief, is denied. No costs.

Mandate shall issue forthwith.

*For granting motion for affirmance*—Chief Justice WEIN-TRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For denying motion for affirmance*—None.